IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, JUDGE

Criminal Case No. 10-cr-00224-LTB

UNITED STATES OF AMERICA,

        Plaintiff,

v.

VENIETO J. MONTELONGO,

        Defendant.
_____

ORDER
_____

As more fully stated on the record at the status hearing on June 7, 2010, I GRANT Defendant's Unopposed Motion to Exclude Sixty Days From the Speedy Trial Act, Continue Trial, and Extend Deadline for Filing Pretrial Motions [**Doc # 12**] and in so doing I make the following findings of fact and conclusions of law:

1. Defendant, Venieto J. Montelongo, has be indicted by the Grand Jury in a four-count Indictment. Count One charges possession with intent to distribute less than 5 grams of cocaine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). Count Two charges a violation of 18 U.S.C. § 922(g)(1), possession of a firearm by a prohibited person. Counts Three and Four allege possession with intent to distribute less than 50 grams of methamphetamine, in violation of 21 U.S.C. § 861(a)(1) and (b)(1)(C).

2. Through the process of discovery, defense counsel has learned that both audio and video tapes were produced during the investigation. These tape recordings, pertaining to each count of the Indictment, need to be transcribed and video tapes need to be reviewed.

3. In addition, the investigation will also focus on witnesses who observed the alleged event. Defense counsel also needs to dispatch an investigator to Greeley, Colorado to locate and interview witnesses.

4. 18 U.S.C. § 3161(h)(7)(A) authorizes me to exclude from the time limitations set forth in the Speedy Trial Act any delay for which the ends of justice served by the delay outweigh the best interest of the public and the defendant in a speedy trial. 18 U.S.C. § 3161(h)(7)(B)(iv) provides that a factor for the Court to consider in granting this delay is "[w]hether the failure to grant such a continuance in a case . . . would deny counsel for the defendant . . . the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." 18 U.S.C. § 3161(h)(7)(B)(vi).

5. I conclude that, given the circumstances in this case ,the ends of justice served by the delay outweigh the best interest of the public and the defendant in a speedy trial pursuant to 18 U.S.C. § 3161(h)(7)(A). Specifically, I conclude that a failure to grant the continuance would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence, pursuant to 18 U.S.C. § 3161(h)(7)(B)(vi).

ACCORDINGLY, I GRANT Defendant's Unopposed Motion to Exclude Sixty Days From the Speedy Trial Act, Continue Trial, and Extend Deadline for Filing Pretrial Motions [**Doc # 12**] and, as such, I ORDER as follows:

1) This case is continued, pursuant to 18 U.S.C. § 3161(h)(7)(B)(vi), and the speedy trial deadline is tolled, for a period commencing June 7, 2010 through August 6, 2010;

2) The deadline for filing pretrial motions is extended for thirty days; and

3) A further status/schedule conference is set for **Friday, August 6, 2010 at 9:00 am.**

Dated: June   7  , 2010  in Denver, Colorado.

BY THE COURT:


   s/Lewis T. Babcock
LEWIS T.  BABCOCK, JUDGE